Nathaniel L. Dilger (SBN 196203)
ndilger@onellp.com
Peter R. Afrasiabi (SBN 193336)
pafrasiabi@onellp.com
Joseph K. Liu (SBN 216227)
jliu@onellp.com
**ONE LLP**
23 Corporate Plaza
Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2780
Facsimile: (949) 258-5081

*Attorneys for Plaintiff,
Haptix Solutions LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| HAPTIX SOLUTIONS LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>Defendant. | Case No. 8:24-cv-00428<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

For its Complaint against Microsoft Corporation ("Microsoft" or "Defendant"), Plaintiff Haptix Solutions LLC ("Haptix" or "Plaintiff") hereby alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for patent infringement of United States Patent No. US8,253,686 ("the '686 Patent" or "the Asserted Patent"), arising under the Patent Laws of the United States, 35 U.S.C. §1, *et seq.*, seeking damages and other relief under 35 U.S.C. § 281, *et seq.*

## II. THE PARTIES

2. Plaintiff Haptix is a limited liability company organized and existing under the laws of California with a principal place of business located at 26522 La Alameda Avenue, Suite 360, Mission Viejo, California 92691.

3. Defendant Microsoft is a corporation organized under the laws of Washington with multiple locations worldwide, including offices located in this District at 3 Park Plaza #1600, Irvine, CA 92614 and at 75 Enterprise # 100, Aliso Viejo, CA 92656. Microsoft makes, uses, offers for sale, sells, and/or imports into the United States the Accused Products described below.

4. Defendant sells and offers to sell products and services throughout the United States, including in this District, and introduces products and services into the stream of commerce, which include the Accused Products described below. Defendant performs these acts knowing that the Accused Products will be sold in this District and elsewhere in the United States, resulting in infringement of Plaintiff's Asserted Patent identified below.

5. Defendant conducts significant, persistent and regular amounts of business in this District through product sales by its distributors, direct customers, and resellers, and Defendant derives substantial revenue from such business.

## III. JURISDICTION AND VENUE

9. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

**COMPLAINT FOR PATENT INFRINGEMENT**

10. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Defendant because they have purposefully availed themselves of the privileges and benefits of the laws of the State of California. Further, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of California, pursuant to due process and/or the California Long Arm Statute, because Defendant purposefully availed themselves of the privileges of conducting business in the State of California, and because Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of California, including Defendant's regularly doing or soliciting business and deriving substantial revenue from providing products and services to individuals in this District, including the Accused Products described below, which is accused of infringing Plaintiff's Asserted Patent. The exercise of jurisdiction over Defendant would thus not offend traditional notions of fair play and substantial justice.

## IV. BACKGROUND

**A. The Haptic Pen of the '686 Patent.**

12. The '686 Patent describes and claims various innovative aspects of an electronic stylus for use on touch-screen equipped electronic devices, such as laptop and tablet computers. A true and correct copy of the '686 Patent is attached hereto as **Exhibit A**. Below is a representative figure from the '686 Patent:



FIG. 2

*See* https://patents.google.com/patent/US8253686B2

13. The '686 Patent was duly and legally issued to the Electronics and Telecommunications Research Institute ("ETRI") by the United States Patent and Trademark Office on August 28, 2012, and is entitled "Pointing Apparatus Capable of Providing Haptic Feedback, and Haptic Interaction System and Method Using the Same." The '686 Patent is based on a patent application filed on November 21, 2008, and claims priority to earlier Korean Patent Applications, KR10-2007-0120838 filed on November 26, 2007, KR10-2008-0015283 filed on February 20, 2008, and KR10-2008-0070009 filed on July 18, 2008. Plaintiff Haptix is the exclusive licensee of the '686 Patent.

14. The '686 Patent was invented by ETRI inventors Ki Uk Kyung, Jun Young Lee, Jun Seok Park, Chang Seok Bae, Dong Won Han, and Jin Tae Kim. ETRI is the national leader in Korea in the research and development of information technologies. Since its inception in 1976, ETRI has developed new technologies in DRAM computer memory, CDMA and 4G LTE cellular phone communications, large-scale computer storage, LCD / touchscreen display technology, and computers and devices with haptics functionality, which is the technology at issue in this case.

15. ETRI employs over 2,000 research/technical staff, of whom 90% hold a post-graduate degree and 50% have earned a doctoral degree in their technological field.

Over the last five years, ETRI has applied for a total of about 17,000 patents, has contributed to over 8,000 proposals that have been adopted by international and domestic standard organizations, and has published over 1,200 articles in peer-reviewed technology publications.

16. Among other innovations, the '686 Patent describes and claims a unique system for an electronic stylus that provides haptic feedback to a user interacting with a computer / tablet touch screen. The stylus uses a wireless communication system to receive control signals and to provide haptic feedback to the stylus user.

17. Examples of one embodiment of the innovative haptic stylus of the '686 Patent can be seen in the '686 Patent figure reproduced below:



FIG. 1

18. The patented electronic stylus comprises a mechanism to provide haptic feedback, such as providing vibrations, that engages based on a control signal. This haptic feedback mechanism causes, for example, a gentle user-detectable vibration from the stylus while writing, erasing, or clicking, which acts to provide the user a more natural and responsive feel similar a traditional writing instrument on paper. For example, the frequency of the stylus vibrations increases as the stylus speed and/or

**COMPLAINT FOR PATENT INFRINGEMENT**

pressure increases. This causes the haptic pen to more closely mimic the familiar feeling of drawing a pen across a sheet of paper.

19. One embodiment of the innovative haptic pen disclosed and claimed in the '686 Patent is described below:

> As illustrated in FIG. 5A, in order to reproduce a haptic feeling while drawing or writing on the touch screen 203 by means of the haptic stylus 100, the cycle of the digital signal is increased within the cycle range of not rotating the rotary vibrator 101 continuously (i.e., the cycle range of not generating a condition like the case C of FIG. 3B) as the speed of rubbing the surface of the touch screen 203 is increased.
>
> When the surface of the touch screen 203 is rubbed by means of the haptic stylus 100, a pointer moves with the movement of the haptic stylus 100. At this point, the cycle of an input signal of the rotary vibrator 101 is increased as the speed of the pointer is increased.
>
> For example, as illustrated in FIG. 5B, the vibration is generated once per a second when the speed of the pointer is at a level 1, and the vibration is generated five times per a second when the speed of the pointer is at a level 5. That is, as the moving speed of the haptic stylus 100 is increased, a stimulus is generated more frequently, so that a haptic feeling is generated as if a stroke is made rapidly in writing or drawing.
>
> ***
>
> In order to generate a realistic feeling of making a stroke on the surface of the touch screen 203 while drawing or writing on the touch screen 203 by means of the haptic stylus 100, the vibration intensity of the rotary vibrator 101 is increased as the rubbing speed is increased.

Ex. A, 7:24-55.

20. The figure below further illustrates the haptic features described and claimed in the '686 Patent:



FIG. 5A



FIG. 5B

21. Another embodiment of the innovative haptic pen disclosed and claimed in the '686 Patent is described below:

> FIG. 7 is a conceptual diagram illustrating a principle of changing the intensity of the vibration by means of the linear vibrator 102 while the haptic stylus 100 according to an embodiment of the present invention is used to draw or write on the touch screen 203.
>
> As a method of feeding back a realistic feeling of making a stroke on the surface of the touch screen 203 while drawing or writing on the touch screen 203 by means of the haptic stylus 100, a method of increasing the stimulus cycle of the rotary vibrator 101 with an increase in the rubbing speed has been illustrated in FIGS. 5A and 5B. This principle may be implemented not only by the rotary vibrator 101, but also by the linear vibrator 102.
>
> As illustrated in FIG. 7, . . . the cycle of an input signal of the linear vibrator 102 increases as the speed of the pointer increases. For example, if

the speed of the pointer is at a level 1, the vibration may be generated once per a second; and if the speed of the pointer is at a level 5, the vibration may be generated five times per a second.

At this point, at the time when the signal changes from HIGH to LOW, the mass 402 in the linear vibrator 102 collides with the top side and the bottom side alternately by one time, a feeling of rubbing a granular surface is reproduced for the user 201 holding the haptic stylus 100.

In particular, the linear vibrator 102 is apparent in terms of the start and end of the signal, so that the user 201 feels as if a granular pattern of a surface is rubbed at a higher speed as the surface is rubbed at a higher speed.

As described in FIG. 7, the speed of the pointer moving with the movement of the haptic stylus 100 may be determined to be within a predetermined level, or may be determined to be in a continuous functional relationship with the cycle of a stimulus.

Ex. A, 8:12-50.

**B.     Defendant's "Surface Slim Pen 2" Haptic Pen / Surface Laptop**

22.     Defendant makes and sells electronic styluses and haptic interaction systems and other technology products in the United States. As shown in the attached claim chart (**Exhibit B**), at least Defendant's "Surface Slim Pen 2" infringes at least Claim 1 of the '686 Patent, as well as any other electronic stylus made, used, sold, offered for sale, and/or imported by Defendant having substantially the same construction and haptic features as Defendant's "Surface Slim Pen 2." (collectively, "Accused Surface Pen").

23.     In addition, Microsoft combines and sells the Accused Surface Pen with Microsoft's "Surface Pro" tablet, "Surface Laptop," and "Surface Laptop Studio" (collectively, "Surface Laptop") which are configured to support the tactile signals functionality of the Accused Surface Pen. **Exhibit B** is an example that illustrates how one combination of the Accused Surface Pen and the Surface Laptop infringes at least Claim 23 of the '686 Patent. This infringement includes the combination of the Accused

**COMPLAINT FOR PATENT INFRINGEMENT**

Surface Pen with any Surface Laptop that supports tactile signals, including for example any other Surface model that supports Microsoft's "tactile signals" listed under "Surface Slim Pen 2>Tactile Signals>Yes" of "Identify your Surface Pen and features" at https://support.microsoft.com/en-us/surface/identify-your-surface-pen-and-features-c82a0208-2e35-b347-dae0-d7f4922edc77. The combination of the Accused Surface Pen and the Surface Laptop is hereinafter referred to as the "Accused Surface Pen / Surface Laptop." Together, the "Accused Surface Pen" and "Accused Surface Pen / Surface Laptop" are hereinafter referred to collectively as "the Accused Products."

24. Defendant's Accused Products directly implement the patented features of the electronic stylus and/or the haptic interaction system described and claimed in the '686 Patent. For example, the figures below compare Defendant's Accused Products (left photo) against the electronic stylus described and claimed in the '686 Patent (right photo).




*See* https://www.microsoft.com/en-us/d/surface-slim-pen-2/8tb9xw8rwc14

25. In addition to the structural similarity between the Accused Products and the patented electronic stylus described and claimed in the '686 Patent, the Accused Products also include precisely the same haptic features of the patented electronic stylus. For example, Defendant describes and markets the accused "Surface Slim Pen 2" as an improvement to Defendant's standard "Surface Pen" tablet pen. The primary difference

between these two products is that the that Defendant's standard "Surface Pen" lacks the infringing haptic features found in the Accused Products.

26. In marketing the Accused Products, Defendant has repeatedly touted the benefits of the patented haptic features described and claimed in the '686 Patent:

- "Take notes naturally—the haptic motor in Surface Slim Pen 2 brings the feeling of writing and drawing on paper to your PC's screen." https://www.microsoft.com/en-us/d/surface-slim-pen-2.

- "Experience natural and inclusive note-taking, sketching, and navigating with the same feeling you get with pen on paper when paired with Surface Pro 8 or Surface Laptop the built-in haptic motor." *Id.*

- "The Surface Slim Pen 2 is an upgraded stylus that delivers an interactive experience that feels like writing with pen and paper, thanks to its improved design and sensitivity." https://www.microsoft.com/en-us/surface/do-more-with-surface/digital-journaling.

- "Upgraded for the next generation of Surface devices, the Slim Pen 2 brings the feeling of writing and drawing on paper to your touchscreen. Thanks to a sharper pen tip, haptic motor, and sleek, ultra-slim design, it mimics the feeling of a natural pen." https://www.microsoft.com/en-us/surface/do-more-with-surface/surface-slim-pen-2-everything-you-need-to-know.

- **"**Writing with a pen on paper can ignite your creative spark. The tactile sensation of the pen gliding across the paper engages your senses in a unique way, fostering creativity and free-flowing thoughts. With Surface devices, you can experience this magic digitally. This is where the Surface Slim Pen 2 comes in. Whether you're sketching, jotting down ideas, or brainstorming, the intuitive Slim Pen 2 and its built-in haptic motor are designed to mimic the precision and responsiveness of putting pen to paper—which can make your creative process feel more intuitive and natural.**"** https://www.microsoft.com/en-us/surface/do-more-with-surface/pen-and-paper-in-a-digital-age.

27. Users similarly tout the benefits provided by the haptic features incorporated in Defendant's Accused Products:

- "Microsoft's new Surface Pro 8 has a gorgeous 120Hz display and updated internals, but it's really the new Surface Slim Pen 2 that has caught my attention. Microsoft has added haptics features to its stylus for the first time, thanks to a new custom chip inside. It has transformed inking on the Surface Pro 8." https://www.theverge.com/22710381/microsoft-surface-slim-pen-2-hands-on.

- "The Microsoft Surface Slim Pen 2 is a neatly designed and unique stylus that enables you to get more from your Surface device. … The best feature is the use of haptic feedback to replicate the sensation of drawing on paper and more …." https://www.creativebloq.com/reviews/microsoft-surface-slim-pen-2.

- "The new haptic motor is undoubtedly the Slim Pen 2's most exciting feature …" https://www.tomsguide.com/news/microsoft-surface-slim-pen-2-unveiled-with-new-features-to-rival-apple-pencil.

- "Personally, I find the haptic feedback to be pretty incredible. You don't notice that the vibrations are coming from a motor within the pen – it really feels like there is resistance when moving the pen across the screen, exactly as you would get with paper, with feedback increasing in intensity as you press harder on the pen." https://www.lapseoftheshutter.com/surface-slim-pen-vs-surface-pen/.

## COUNT I

## INFRINGEMENT OF THE '686 PATENT

28. Plaintiff hereby restates the allegations contained in the preceding paragraphs above as if fully set forth herein.

29. Plaintiff Haptix is the exclusive licensee of the '686 Patent and owns the right to assert all causes of action arising under the '686 Patent, the right to pursue all remedies for infringement of the '686 Patent, and the right to recover any and all available damages for infringement of the '686 Patent, including the right to sue for and recover past damages.

30. Defendant has infringed and continues to infringe the '686 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States without authorization, at least the Accused Products described above. For example, as shown in the attached claim chart (**Exhibit B**), the Accused Products infringe at least Claims 1 and 23 of '686 Patent.

31. Microsoft also indirectly infringes the '686 Patent by, for example, inducing and encouraging others to directly infringe the '686 Patent, which includes individuals and companies that import, use, sell, and/or offer to sell the Accused Products described above. These customers that directly infringe the claims of the '686 Patent include, for example, Best Buy, Staples, Costco, and Amazon, to name a few.

32. Moreover, Defendant's acts of direct and indirect infringement of the '686 Patent occurred with Defendant's full knowledge that their making, using, selling, offering for sale, and/or importing of the Accused Products constitutes infringement of the '686 Patent. In particular, on or about February 29, 2024, Plaintiff provided written notice to Defendant regarding its infringement of the '686 Patent. Defendant was thus made aware of the '686 Patent and the fact that Defendant was copying a patent-protected product, but since then has continued to make, use, sell, offer for sale, and/or import into the United States the Accused Products. Defendant's infringement thus has been willful, subjecting it to treble damages in accordance with 35 U.S.C. § 284 as well as an award to Plaintiff of its attorneys' fees in accordance with 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. Declaring that Defendant has infringed the '686 Patent and that such infringement was willful.

b. Awarding damages arising out of Defendant's infringement of the '686 Patent to Plaintiff, together with prejudgment and post-judgment interest, in an amount according to proof.

c. As a consequence of Defendant's willful infringement, trebling the foregoing damages award in accordance with 35 U.S.C. § 284.

d. Awarding attorneys' fees to Plaintiff pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

e. Awarding such other costs and further relied as the Court may deem just and proper.

Dated: February 29, 2024  ONE LLP

By: */s/ Nathaniel L. Dilger*
Nathaniel L. Dilger
Peter R. Afrasiabi
Joseph K. Liu

*Attorneys for Plaintiff,*
*Haptix Solutions LLC*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable under the law.

Dated: February 29, 2024

**ONE LLP**

By: /s/ Nathaniel L. Dilger
Nathaniel L. Dilger
Peter R. Afrasiabi
Joseph K. Liu

*Attorneys for Plaintiff,*
*Haptix Solutions LLC*